IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| BRANDYN MCPHERSON,<br>§ *Plaintiff*, § <br> § <br> v. § <br> § <br> § <br> HATHWAY, INC., and BOUNTEOUS § <br> INC., § <br> *Defendants*. § | Case No. 4:23-cv-00517-SDJ<br>Jury |

### FIRST AMENDED COMPLAINT [1]

Plaintiff Brandyn McPherson ("McPherson") brings this action against his former employers, Defendant Hathway, Inc. and Defendant Bounteous, Inc. (collectively "Defendants"), for discharging him. In support, McPherson shows the following.

### This is an Employment Discrimination Case

1. On June 17, 2022, Defendants informed McPherson they were terminating his employment, and that McPherson's last day of employment would be June 24, 2022, which it was.

2. Defendants' discharge decision constitutes an unlawful employment practice that violates two statutes – the Civil Rights Act of 1866, codified at 42 U.S.C. § 1981 ("Section 1981"), and the Age Discrimination in Employment Act, 29 U.S.C. § 623(a)(1) ("ADEA").

### Parties

3. Plaintiff Brandyn McPherson is an individual. He resides in Collin County, Texas. He has resided in Collin County, Texas without interruption from July 2019 to the present day.

---

[1] Leave of court to file this amended pleading is not necessary because of FED. R. CIV. P. 15(a)(1)(A) (allowing a "party … [to] amend [his] pleading once as a matter of course within … 21 days after serving it").

    4.    Defendant Hathway, Inc. is a company, formed in Delaware, that does business in Texas.

    A.    According to the Texas Secretary of State on June 2, 2023, McPherson is the registered agent for this Defendant. *See* Ex. A at p. 1. Given this odd circumstance, McPherson is serving this Defendant via the method described in subpart "B" *infra*.

    B.    According to FED. R. CIV. P. 4(e)(1), service may be accomplished by following Texas state law for serving a summons in an action brought in courts of general jurisdiction of the State of Texas.

    (i)    According to Texas state law, the Texas Secretary of State is "*an agent for service of process or complaint on a nonresident who (1) is required by statute to designate or maintain a resident agent or engages in business in this state, but has not designated or maintained a resident agent for service of process*[.]" TEX. CIV. PRAC. & REM. CODE § 17.044(a). Also, according to Texas state law, the Texas Secretary of State is "*an agent for service of process on a nonresident who engages in business in this state, but does not maintain a regular place of business in this state or a designated agent for service of process, in any proceeding that arises out of the business done in this state and to which the nonresident is a party.*" *Id.* at (b).

    (ii)    Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045(a), McPherson serves the Texas Secretary of State with duplicate copies of process. The full name and address of the home office of this Defendant is Hathway, Inc., 81 Higuera Street, Suite 220, San Luis Obispo, California 93401. *See* Ex. A at p. 1. Pursuant to TEX. CIV. PRAC. & REM. CODE § 17.045(b), the individual in charge of this Defendant's business or, alternatively, a corporate officer of this Defendant, is Mr. Alexander A. Maherina. This individual is this Defendant's Executive Vice President, Managing Director, Dining and C-Store.

**First Amended Complaint**    **Page 2**

      C.     Defendant Hathway, Inc. issued, or caused to be issued, a "Form W-2 Wage and Tax Statement" for **Year 2021** in which it identified McPherson's "[e]mployer's name" as "Hathway, Inc."

      D.     Defendant Hathway, Inc. issued, or caused to be issued, a "Form W-2 Wage and Tax Statement" for **Year 2022** in which it identified McPherson's "[e]mployer's name" as "Hathway, Inc."

5. Defendant Bounteous, Inc. is a company, formed in Delaware, that does business in Texas. According to the Texas Secretary of State on June 2, 2023, this Defendant may be served with process by serving its registered agent, **CT Corporation System**, at **1999 Bryan Street, Suite 900, Dallas, Texas 75201-3136**, or wherever else it may be found.

6. Though superficially distinct, Defendant Hathway, Inc. and Defendant Bounteous, Inc. constitute a "single integrated enterprise" given their interrelation of operations, centralized control of labor relations, common management, and common ownership or financial control. Pleading in the alternative, Defendant Hathway, Inc. and Defendant Bounteous, Inc. constitute "joint employers" for purposes of the "hybrid economic realities/common law control test." Accordingly, Defendant Hathway, Inc. and Defendant Bounteous, Inc. shall be collectively referred to as "Defendants."

## Jurisdiction

7. This Court has original subject matter jurisdiction over this action because McPherson's claims present federal questions. *See* 28 U.S.C. §1331; *see also* 28 U.S.C. § 1343(a)(4) ("civil rights").

8. This Court has personal jurisdiction, specific and general, over Defendant Hathway, Inc. because it does business in Texas, McPherson's claims arose in Texas, and

Defendant Hathway, Inc. is amenable to service by this Court.

9. This Court has personal jurisdiction, specific and general, over Defendant Bounteous, Inc. because it does business in Texas, McPherson's claims arose in Texas, and Defendant Bounteous, Inc. is amenable to service by this Court.

## Venue

10. Venue is proper in this judicial district and division because a substantial part of the events or omissions giving rise to McPherson's claims occurred here. *See* 28 U.S.C. § 1391(b)(2).

## Material Facts

11. On page two of correspondence, dated February 9, 2023, to the U.S. Equal Employment Opportunity Commission ("EEOC"), Defendant Hathway, Inc., by and through its counsel, wrote that it "*was founded in 2009 and is a digital growth partner specializing in content, commerce, and loyalty solutions for restaurant, retail and convenience stores using data-driven strategies, disruptive digital experiences, and modern marketing devices.*"

12. Defendant Hathway, Inc. hired McPherson on July 13, 2015. McPherson's job title was "Controller." McPherson resigned from Defendant Hathway, Inc. in January 2017. Defendant Hathway, Inc. rehired McPherson on November 1, 2018. McPherson's job title was "Controller."

13. In a document titled "2021 Annual Performance Review Cycle," Defendant Hathway, Inc., by and through Ms. Maria Kahle, its "VP, Finance," assigned to McPherson the following "*overall 2021 Performance Rating that is inclusive of job function and Core Values*" -- "*[e]xceeds expectations.*"

14. According to Defendant Hathway, Inc.'s records, McPherson's date of birth is in 1973.

**First Amended Complaint**                                                                                                                            **Page 4**

15. Based on McPherson's date of birth as set forth in Defendant Hathway, Inc.'s records, McPherson was forty-eight years of age on November 11, 2021.

16. According to Defendant Hathway's, Inc.'s records, McPherson's race is white.

17. On November 11, 2021, Defendant Hathway, Inc. employed approximately 200 employees.

18. Defendant Hathway, Inc. was acquired by Defendant Bounteous, Inc. on November 11, 2021.

19. On November 11, 2021, Defendant Bounteous, Inc. employed approximately 1,700 employees.

    A. One of those employees was Mr. Mark Perez. On page two of correspondence, dated March 10, 2023, to the EEOC, Defendant Bounteous, Inc., by and through its counsel, wrote – "*At the time of Hathway's acquisition by Bounteous (and throughout the duration of his [i.e., McPherson] remaining employment by Hathway), Mr. McPherson's title of and primary duties as Controller were already held and performed by a Bounteous incumbent, Mark Perez ... (age 41))*."

20. On page two of correspondence, dated March 10, 2023, to the EEOC, Defendant Bounteous, Inc., by and through its counsel, wrote – "*Following the acquisition of Hathway by Bounteous, Mr. McPherson remained employed by Hathway. Hathway continued to issue Mr. McPherson's paychecks, sponsor the benefit plans in which Mr. McPherson participated, and provide additional benefits such as paid time off (which Mr. McPherson earned and accrued according to Hathway rather than Bounteous policy).*"

21. Despite the acquisition referenced in Paragraph 18 *supra,* Defendant Hathway, Inc. and Defendant Bounteous, Inc. remained separate companies. Each had separate payrolls. Each had separate financials.

22. Sometime in February 2022, Defendant Bounteous, Inc. held what it called a "town hall" meeting.

    A. This meeting was recorded.

    B. This meeting was held via Zoom®.

    C. The CEO of Defendant Bounteous, Inc., Mr. Keith Schwartz, spoke during this meeting.

        (i) Among other things, Schwartz welcomed employees from Defendant Hathway, Inc. "to the family."

        (ii) Among other things, Schwartz told attendees that Defendant Bounteous, Inc. had not laid off anyone from any of its acquisitions.

23. Kahle, an employee of Defendant Hathway, Inc., resigned in February 2022. According to Defendant Hathway's records, Kahle was forty-one years of age at the time.

24. Following Kahle's resignation, the budgeting duties previously performed by Kahle were assigned to a certain Mr. Mitch Bloomfield.

    A. According to Defendant Bounteous, Inc.'s records, Bloomfield was an employee of Defendant Bounteous, Inc.

    B. According to Defendant Bounteous, Inc.'s records, Bloomfield was less than forty years old at that time.

    C. According to Defendant Bounteous, Inc.'s records, Bloomfield's date of birth comes at least eight years after Kahle's date of birth (as contained in Defendant Bounteous,

Inc.'s records).

25. At some point in early 2022, Defendants decided to integrate the accounting systems of Defendant Hathway, Inc. into the accounting systems of Defendant Bounteous, Inc.

    A. At that time, Defendants had separate financials, separate payrolls, separate benefits, and different accounting practices for different streams of business.

    B. The people leading this project were Messrs. Michael Kushner, a New Mountain Capital Contractor, and Mr. Niko Soforo, an employee from Defendant Bounteous, Inc.

    C. The original deadline for Defendant Hathway, Inc. staff and financials to be running on **all** Defendant Bounteous systems was April 1, 2022.

26. In March 2022, Mr. Haroon Shakoor became Chief Accounting Officer ("CAO") of Defendants. In that capacity, Shakoor led the task referenced in Paragraph 25 *supra.*

    A. The previous CAO at Defendant Bounteous, Inc., Mr. Timothy Mihok, left in February 2022.

27. To do the task referenced in Paragraph 25 *supra,* people from Defendant Hathway, Inc., including McPherson, needed training to learn how the accounting systems of Defendant Bounteous, Inc. worked.

28. Starting from Shakoor's arrival in March 2022, and continuing through May 23, 2022, McPherson asked Shakoor for training for himself and the people who reported to him.

    A. McPherson did this more than once.

    B. McPherson did this more than twice.

    C. McPherson did this more than three times.

29. Defendant Bounteous, Inc., by and through Shakoor, chose not to provide any training, both for McPherson and the people who reported to him, concerning the accounting

**First Amended Complaint**                                                                                              **Page 7**

systems of Defendant Bounteous, Inc.

30. Defendants did not meet the deadline referenced in Paragraph 25.C.

31. On or about May 24, 2022, McPherson tendered an outline of his requests for training to Kushner.

32. On June 17, 2022, McPherson was over forty years of age.

33. On June 17, 2022, McPherson suffered from no disability that rendered him unfit for the position of Controller.

34. On June 17, 2022, McPherson suffered from no loss of any necessary professional license that rendered him unfit for the position of Controller.

35. On June 17, 2022, McPherson suffered from no occurrence that rendered him unfit for the position for the position of Controller.

36. On June 17, 2022, Shakoor met with McPherson.

37. On June 17, 2022, Shakoor met with McPherson, at which time Shakoor informed McPherson that his, *i.e.*, McPherson's, employment will terminate effective June 24, 2022.

    A. On page three of correspondence, dated March 10, 2023, to the EEOC, Defendant Bounteous, Inc., by and through its counsel, wrote – "*The decision to terminate Mr. McPherson's employment was made by Mr. Shakoor (age 41) and Jeffrey Wink ... Chief Financial Officer of Bounteous and Hathway (age 40).*"

        (i) Defendant Bounteous, Inc. employed more than one Chief Financial Officer ("CFO") at this time. Its other CFO was Mr. Karthik Raghuram.

    B. On page three of correspondence, dated March 10, 2023, to the EEOC, Defendant Bounteous, Inc., by and through its counsel, wrote – "*Messrs. Shakoor and Wink decided to terminate Mr. McPherson's employment because Mr. McPherson's duties were already*

*being performed by Bounteous incumbents.*"

    C. On page three of correspondence, dated March 10, 2023, to the EEOC, Defendant Bounteous, Inc., by and through its counsel, wrote – "*During this meeting, Mr. Shakoor told Mr. McPherson that his role was being eliminated due to the fact that Bounteous already employed its own Controller, making his position redundant.*"

  38. As of June 24, 2022, Defendants still had not fully completed the task referenced in Paragraph 25 *supra.*

  39. After June 24, 2022, McPherson discovered that Defendant Bounteous, Inc., by and through Shakoor, was using offshore workers for the tasks he had previously been doing. These offshore workers were **substantially younger in age** than McPherson. These offshore workers were also a **different ethnicity** than McPherson as they were Indian or Pakistani.

  40. Shortly after June 24, 2022, McPherson applied to the Texas Workforce Commission ("TWC") for unemployment benefits. In processing this application, TWC identified Defendant Hathway, Inc. as McPherson's employer.

  41. On December 7, 2022, McPherson signed and dated a Form 5 from EEOC, titled "Charge of Discrimination" ("Charge"), in which he named Defendant **Hathway, Inc.** as Respondent. McPherson then had the Charge transmitted to EEOC. Upon receipt, EEOC stamped the Charge as follows – "EEOC rec'd 12/08/2022." Upon receipt, EEOC also assigned the following number to the Charge: **450-2023-01776**. On April 18, 2023, EEOC issued a document, titled, in part, *Notice of Right to Sue."* McPherson has filed this action against Defendant Hathway, Inc. fewer than ninety days from April 18, 2023.

  42. On December 7, 2022, McPherson signed and dated a Charge from EEOC in which he named Defendant **Bounteous, Inc.** as Respondent. McPherson then had the Charge transmitted

to EEOC. Upon receipt, EEOC stamped the Charge as follows – "EEOC rec'd 12/08/2022." Upon receipt, EEOC also assigned the following number to the Charge: **450-2023-01771**. On April 26, 2023, EEOC issued a document, titled, in part, *Notice of Right to Sue."* McPherson has filed this action against Defendant Bounteous, Inc. fewer than ninety days from April 26, 2023.

43. As a result of Defendants' conduct, including the foregoing, McPherson has sustained financial losses and mental anguish. He is continuing to sustain such losses.

## COUNT ONE:
### Violation of ADEA; Discrimination/Discharge

44. McPherson re-alleges and incorporates by reference all allegations set forth in paragraphs 11 through 43.

45. McPherson brings this claim against both Defendants.

46. McPherson was an "employee" of Defendants, as that term is defined in 29 U.S.C. § 630(f), at all times from November 11, 2021 through the close of business on June 24, 2022.

47. Defendants were McPherson's "employer," as that term is defined in 29 U.S.C. § 630(b), at all times from November 11, 2021 through the close of business on June 24, 2022.

48. The ADEA states that *"[i]t shall be unlawful for an employer … to discharge any individual … because of such individual's age*[.]" 29 U.S.C. § 623(a)(1). Defendants violated this statute when they discharged McPherson.

49. The Material Facts portion of this pleading establishes a *prima facie* violation of the ADEA. *First*, McPherson was a member of a protected class. *Second,* McPherson was "qualified" for *prima facie* purposes. *Third,* McPherson suffered a cognizable adverse employment action. *Fourth,* Defendants replaced McPherson with someone younger, or alternatively, Defendants treated McPherson less favorably than other similarly situated younger workers.

50. All prerequisites to the filing of this ADEA claim have been fulfilled.

51. McPherson seeks all relief available to him under the ADEA. Thus, McPherson is entitled to an award of back pay, interest on back pay, reinstatement or in the alternative front pay, the value of lost employment benefits, and all other appropriate legal and equitable relief that is within the scope of 29 U.S.C. § 626(b). Also, and because Defendants' violation of the ADEA was willful, McPherson is entitled to an award of liquidated damages. 29 U.S.C. § 626(b). McPherson is entitled to recover reasonable attorney's fees and costs pursuant to 29 U.S.C. § 626(b).

## COUNT TWO:
### Violation of Section 1981; Discrimination/Discharge

52. McPherson re-alleges and incorporates by reference all allegations set forth in paragraphs 11 through 43.

53. McPherson brings this claim against both Defendants.

54. Section 1981 states, "***All persons*** *… shall have the same right … to make and enforce contracts[.]*" *Id.* at (a) (bold font and underline added). Defendants violated this statute when they discharged McPherson.

55. The Material Facts portion of this pleading establishes a *prima facie* violation of Section 1981. *First,* McPherson was a member of a protected class. *Second,* McPherson was "qualified" for *prima facie* purposes. *Third,* McPherson suffered a cognizable adverse employment action. *Fourth,* Defendants replaced McPherson with someone of a different race or ethnicity, or alternatively, Defendants treated McPherson less favorably than other similarly situated workers of a different race or ethnicity.

56. McPherson seeks all relief available to him under Section 1981. This includes but is not limited to the following categories: (a) all wages and employment benefits, starting on the

effective date of McPherson's discharge, and ending on the date when a jury renders a verdict ("back pay"); (ii) reinstatement, or, if that is found to be inappropriate, then a sum of money that is equal to all wages and benefits, starting from the date when a jury renders a verdict, and ending on the date when it is determined that McPherson will be made whole ("front pay"); (iii) compensatory damages, past and future, for future pecuniary losses, emotional pain, suffering, inconvenience, mental anguish, loss of enjoyment of life and other nonpecuniary losses; (iv) punitive damages, given the fact that Defendants engaged in such discriminatory practices with malice or reckless indifference to McPherson's federally-protected rights. This also includes all equitable relief, all interest allowed by law, *e.g.,* pre-judgment and post-judgment, a reasonable attorney's fee to the undersigned counsel as part of the costs, reimbursement of expert fees as part of the undersigned counsel's attorney's fee, and all other costs allowed by law.

## Jury Demand

57.     McPherson demands a jury on all issues so triable. *See* FED. R. CIV. P. 38(a).

## Request for Relief

WHEREFORE, Plaintiff Brandyn McPherson asks that Defendant Hathway, Inc. and Defendant Bounteous, Inc. appear and answer, and that on trial of this action McPherson have final judgment, joint and several, against Defendants as set forth hereinabove, and for all such other and further relief to which McPherson is justly entitled.

Dated: June 13, 2023.

Respectfully submitted,

*/s/ Wade A. Forsman*
By: _____
**Wade A. Forsman**
State Bar No. 07264257
P.O. Box 918

        Sulphur Springs, TX 75483-0918
        903.689.4144 Telephone-East Texas
        972.499.4004 Telephone–Dallas/Fort Worth
        903.689.7001 Facsimile
        **wade@forsmanlaw.com**

        **Attorney for Plaintiff Brandyn McPherson**

# Exhibit A

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 804087726 | **Entity Type:** | Foreign For-Profit Corporation |
| **Original Date of Filing:** | May 24, 2021 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32077430182 | **FEIN:** | 464483307 |
| **Name:** | HATHWAY, INC. | | |
| **Address:** | 81 Higuera St. #220 San Luis Obispo, CA 93401 USA | | |
| **Fictitious Name:** | N/A | | |
| **Jurisdiction:** | DE, USA | | |
| **Foreign Formation Date:** | December 30, 2013 | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| Name | Address | Inactive Date |
|---|---|---|
| Brandyn McPherson | 17800 Krause Springs Dr. Mckinney, TX 75071 USA | |

Order    Return to Search

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 804087726 | **Entity Type:** | Foreign For-Profit Corporation |
| **Original Date of Filing:** | May 24, 2021 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32077430182 | **FEIN:** | 464483307 |
| **Name:** | HATHWAY, INC. | | |
| **Address:** | 81 Higuera St. #220 San Luis Obispo, CA 93401 USA | | |
| **Fictitious Name:** | N/A | | |
| **Jurisdiction:** | DE, USA | | |
| **Foreign Formation Date:** | December 30, 2013 | | |

| REGISTERED AGENT | FILING HISTORY | NAMES | MANAGEMENT | ASSUMED NAMES | ASSOCIATED ENTITIES | INITIAL ADDRESS |
|---|---|---|---|---|---|---|

| View Image | Document Number | Filing Type | Filing Date | Effective Date | Eff. Cond | Page Count |
|---|---|---|---|---|---|---|
| | 1053722910002 | Application for Registration | May 24, 2021 | May 24, 2021 | No | 4 |
| | 1138408210001 | Public Information Report (PIR) | December 31, 2021 | April 10, 2022 | No | 1 |

Order    Return to Search

## BUSINESS ORGANIZATIONS INQUIRY - VIEW ENTITY

| | | | |
|---|---|---|---|
| **Filing Number:** | 804087726 | **Entity Type:** | Foreign For-Profit Corporation |
| **Original Date of Filing:** | May 24, 2021 | **Entity Status:** | In existence |
| **Formation Date:** | N/A | | |
| **Tax ID:** | 32077430182 | **FEIN:** | 464483307 |
| **Name:** | HATHWAY, INC. | | |

**Address:** 81 Higuera St. #220
San Luis Obispo, CA 93401 USA
**Fictitious Name:** N/A
**Jurisdiction:** DE, USA
**Foreign Formation Date:** December 30, 2013

| [REGISTERED AGENT](#) | [FILING HISTORY](#) | [NAMES](#) | [MANAGEMENT](#) | [ASSUMED NAMES](#) | [ASSOCIATED ENTITIES](#) | [INITIAL ADDRESS](#) |
|---|---|---|---|---|---|---|
| **Last Update** | **Name** | | **Title** | | **Address** | |
| April 10, 2022 | JESSE M. DUNDON | | CEO | | 81 HIGUERA ST, SUITE #220 SAN LUIS OBISPO, CA 93401 USA | |
| April 10, 2022 | JESSE M. DUNDON | | DIRECTOR | | 81 HIGUERA ST, SUITE #220 SAN LUIS OBISPO, CA 93401 USA | |
| April 10, 2022 | KEVIN RICE | | CMO & PRESIDENT | | 81 HIGUERA ST, SUITE #220 SAN LUIS OBISPO, CA 93401 USA | |
| April 10, 2022 | KEVIN RICE | | DIRECTOR | | 81 HIGUERA ST, SUITE #220 SAN LUIS OBISPO, CA 93401 USA | |